[Cite as *State v. Stull*, 2012-Ohio-3444.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No.    26146 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RACHEL A. STULL | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    CR 10 10 2914 (B) |

DECISION AND JOURNAL ENTRY

Dated: August 1, 2012

WHITMORE, Presiding Judge.

{¶1}    Defendant-Appellant, Rachel Stull, appeals from her convictions in the Summit County Court of Common Pleas.  This Court affirms.

I

{¶2}    Stull purchased property at 721 Victoria Avenue in 2006.  In October 2010, Stull was residing there with her ten-year old daughter and on-again/off-again boyfriend, Solomon Stallings.  In the early morning hours of October 19, 2010, the police executed a search warrant on the Victoria Avenue home in search of illegal drugs.  After announcing their presence, SWAT officers forcibly entered the home.  Stull and her two pit-bull dogs were at the top of the stairs and delayed officers from accessing the second floor.  While the officers were on the stairs trying to get by Stull and the dogs, Stallings was observed moving frantically about the second-floor master bedroom, creating a security concern for the officers.  Officers located on the outside of the house watched as Stallings broke the master bedroom window and tossed out a bag

containing heroin, cocaine, and marijuana. Ultimately, SWAT officers were able to secure the second floor.

{¶3} During a search of the master bedroom, the police found two digital scales, over $1,200 in cash, and Stallings' cell phone, which contained cocaine in an envelope made from a used lottery ticket. In the dining room, the police found small plastic bags and a stack of used lottery tickets. The police also recovered the bag of drugs that had been thrown from the master bedroom window.

{¶4} Stallings and Stull were both charged with possession of the bag of drugs thrown from the window, possession of drug paraphernalia, and child endangering. Stallings was additionally charged with possession of the cocaine found in his cell phone. Upon motion, the cases were severed. After a jury trial, Stull was convicted of (1) possession of heroin in violation of R.C. 2925.11(A)/(C)(6), (2) possession of cocaine in violation of R.C. 2925.11(A)/(C)(4), (3) possession of marijuana in violation of R.C. 2925.11(A)/(C)(3), (4) possession of drug paraphernalia in violation of R.C. 2925.14(C)(1), and (5) child endangering in violation of R.C. 2919.22(A). The court sentenced Stull to 60 days in jail and three years of community control. Stull now appeals from her convictions and raises two assignments of error for our review.

II

Assignment of Error Number One

APPELLANT WAS DENIED HER RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSITUTION AND ARTICLE 1 §10 OF THE OHIO CONSTITUTION.

{¶5} In her first assignment of error, Stull argues that her attorneys were ineffective. Specifically, Stull argues that her attorneys were ineffective for failing to object to the introduction of evidence that Stallings, Stull's co-defendant, had a history of drug offenses. Stull

further argues that her attorneys were ineffective for referencing Stallings' prior criminal history during opening statements and direct examination.

{¶6} A claim of ineffective assistance of counsel requires a claimant to satisfy a two-prong test. First, he or she must prove that trial counsel's performance was deficient. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, he or she must show that trial counsel's deficient performance caused him or her prejudice. *State v. Srock*, 9th Dist. No. 22812, 2006-Ohio-251, ¶ 21. Prejudice entails "a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph three of the syllabus.

{¶7} Stull argues that her trial attorneys were ineffective for their failure to object to, and for introducing evidence of, Stallings' prior drug convictions and the fact that he had pleaded guilty as a co-defendant in this case. Specifically, Stull argues that while the evidence of Stallings' history of drug trafficking may be admissible under Evid.R. 404(B) to show knowledge, the evidence should have been excluded because its probative value was substantially outweighed by the danger of unfair prejudice. Evid.R. 403(A). We disagree.

{¶8} First, we note that the testimony regarding Stallings' prior criminal convictions for drug offenses did not implicate Stull, and therefore, was not subject to a Evid.R. 404(B) analysis. *State v. Robb*, 88 Ohio St.3d 59, 68 (2000). Nevertheless, for evidence to be admissible it must be relevant and its probative value must outweigh its prejudicial effect. *See* Evid.R. 401, 403. Accordingly, the court should have excluded the testimony regarding Stallings' prior criminal convictions if it found it was not relevant or if its probative value was substantially outweighed by the danger of unfair prejudice.

{¶9} The testimony that Stallings had a prior criminal history of drug convictions was relevant. The State offered the testimony to show Stull knew Stallings had been repeatedly involved with drugs, and therefore, she likely knew about the drug activity in the house. Further, Stull cannot show that the probative value of the testimony was substantially outweighed by the danger of unfair prejudice. The jury could have reasonably concluded, based on Stallings' history with drugs and Stull's lack of prior criminal history, that the drugs were only in the possession of Stallings. Because the evidence of Stallings' prior history with drugs was properly admitted, Stull cannot show that her trial attorneys' performance was deficient or their failure to object was prejudicial.

{¶10} To the extent that Stull challenges her attorneys' failure to object to testimony of Stallings' guilty plea in this case, Stull must overcome the strong presumption that her attorneys' performance fell "within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 688.

{¶11} Allowing evidence that Stallings had admitted to the possession of the drugs at issue in this case could have been a trial strategy to show that someone had already claimed ownership of the drugs; this coupled with the fact that Stull had no prior criminal history could have allowed a juror to conclude that Stull did not knowingly possess the drugs found on her property that day. *See State v. Clayton*, 62 Ohio St.2d 45, 49 (1980) (trial tactics, even debatable ones, do not constitute ineffective assistance of counsel). Because Stull cannot overcome the presumption that her attorneys' performance was reasonable under the circumstances, her first assignment of error is without merit. Accordingly, Stull's first assignment of error is overruled.

<u>Assignment of Error Number Two</u>

THE TRIAL COURT ERRED BY ADMITTING IRRELEVANT AND PREJUDICIAL EVIDENCE IN VIOLATION OF E.R. §§401 AND 403.

**{¶12}** In her second assignment of error, Stull argues that the court erred when it allowed certain testimony because it was irrelevant and prejudicial. Specifically, Stull takes issue with the testimony of Detective Brian Callahan in which he explained why he did not charge Stull with possession of the cocaine found in Stallings' cell phone.

**{¶13}** A trial court has broad discretion in admitting evidence, and this Court will not overturn its decision on appeal absent an abuse of discretion that materially prejudices a defendant. *State v. Wade*, 9th Dist. No. 02CA0076, 2003-Ohio-2351, ¶ 8, quoting *State v. Long*, 53 Ohio St.2d 91, 98 (1978). *Accord State v. Allen*, 73 Ohio St.3d 626, 633 (1995). An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶14}** "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Evid.R. 403(A).

**{¶15}** At trial, the following testimony was heard from Detective Callahan about why Stull was not charged with the drugs found in Stallings' cell phone.

Q. And we've also heard that Rachel Stull is not charged with possession of that cocaine?

A. That's correct.

* * *

Q. And why did you choose not to charge her with that cocaine?

* * *

A. This amount of cocaine, which turned out to be .20 grams, is a fifth degree felony. She was already charged with two fourth degree felonies. I didn't feel it necessary to charge her with a lesser offense.

Q. But you charged Solomon Stallings with that?

A. That's correct.

{¶16} Stull argues that this testimony was harmful because it left "the jury with the impression that [Stull] was responsible for the other drugs found in the house," and because the testimony discussed the level of the offenses. Even assuming that the testimony was inadmissible as either irrelevant or prejudicial, we conclude the testimony was harmless.

{¶17} Stull was charged with possession of cocaine, heroin, marijuana, and drug paraphernalia. Testimony about why the police did not also charge Stull for the drugs found in Stallings' cell phone does not bolster the State's argument that Stull possessed other drugs.

{¶18} Moreover, the testimony was harmless in light of the evidence presented by the State to support the charges against Stull. A bag of drugs containing cocaine, heroin, and marijuana was seen being thrown by Stallings out of the window of the master bedroom that Stull shared with Stallings. There was testimony that Stull delayed the police from accessing the bedroom while Stallings broke the bedroom window to dispose of the drugs. The police also found scales in the master bedroom and a stack of used lottery tickets and plastic bags in the dining room. Stull and Stallings had been in a lengthy on-again/off-again relationship. Stull was aware that Stallings had prior drug convictions. After reviewing the record, we conclude that the testimony regarding why Stull was not charged with the drugs found in Stallings' cell phone, and the level of the offense it would have been if she had been charged, was harmless beyond a reasonable doubt. Stull's second assignment of error is overruled.

III

**{¶19}** Stull's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

CARR, J.
MOORE, J.
CONCUR.

APPEARANCES:

KIRK A. MIGDAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.