[Cite as *State v. Stull*, 2013-Ohio-2521.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No.   26613 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RACHEL A. STULL | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.   CR 2010 10 2914 (B) |

DECISION AND JOURNAL ENTRY

Dated: June 19, 2013

MOORE, Presiding Judge.

{¶1}    Defendant, Rachel A. Stull, appeals from the judgment of the Summit County Court of Common Pleas.  This Court dismisses the appeal for lack of a final appealable order.

I.

{¶2}    In Ms. Stull's direct appeal, this Court set forth the underlying factual and procedural history of this case as follows:

> [Ms.] Stull purchased property at 721 Victoria Avenue in 2006.  In October 2010, [Ms.] Stull was residing there with her ten-year[-]old daughter and on-again/off-again boyfriend, Solomon Stallings.  In the early morning hours of October 19, 2010, the police executed a search warrant on the Victoria Avenue home in search of illegal drugs.  After announcing their presence, SWAT officers forcibly entered the home.  [Ms.] Stull and her two pit-bull dogs were at the top of the stairs and delayed officers from accessing the second floor.  While the officers were on the stairs trying to get by [Ms.] Stull and the dogs, [Mr.] Stallings was observed moving frantically about the second-floor master bedroom, creating a security concern for the officers.  Officers located on the outside of the house watched as [Mr.] Stallings broke the master bedroom window and tossed out a bag containing heroin, cocaine, and marijuana.  Ultimately, SWAT officers were able to secure the second floor.

During a search of the master bedroom, the police found two digital scales, over $1,200 in cash, and [Mr.] Stallings' cell phone, which contained cocaine in an envelope made from a used lottery ticket. In the dining room, the police found small plastic bags and a stack of used lottery tickets. The police also recovered the bag of drugs that had been thrown from the master bedroom window.

[Mr.] Stallings and [Ms.] Stull were both charged with possession of the bag of drugs thrown from the window, possession of drug paraphernalia, and child endangering. [Mr.] Stallings was additionally charged with possession of the cocaine found in his cell phone. Upon motion, the cases were severed. After a jury trial, [Ms.] Stull was convicted of (1) possession of heroin in violation of R.C. 2925.11(A)/(C)(6), (2) possession of cocaine in violation of R.C. 2925.11(A)/(C)(4), (3) possession of marijuana in violation of R.C. 2925.11(A)/(C)(3), (4) possession of drug paraphernalia in violation of R.C. 2925.14(C)(1), and (5) child endangering in violation of R.C. 2919.22(A). The court sentenced [Ms.] Stull to 60 days in jail and three years of community control.

*State v. Stull (Stull I)*, 9th Dist. No. 26146, 2012-Ohio-3444, ¶ 2-4. Ms. Stull appealed from her conviction, arguing in part that her trial attorneys were "ineffective for failing to object to the introduction of evidence that [Mr.] Stallings, [Ms.] Stull's co-defendant, had a history of drug offenses. [Ms.] Stull further argue[d] that her attorneys were ineffective for referencing [Mr.] Stallings' prior criminal history during opening statements and direct examination." *Id.* at ¶ 5. We overruled Ms. Stull's assignments of error and affirmed her convictions. *Id.* at ¶ 19.

{¶3} On July 20, 2012, Ms. Stull filed a petition in the trial court to vacate or set aside her conviction, in which she argued that her trial attorneys were ineffective and that she was denied equal protection under the law. Ms. Stull based her ineffective assistance of counsel claims on three purported errors: (1) trial counsel's failure to challenge the search warrant of Ms. Stull's house, (2) trial counsel's failure to present receipts at trial which purportedly evidenced a legitimate purpose for cash recovered from underneath a bed in the home, and (3) trial counsel's failure to call Mr. Stallings to testify. In support of these arguments, Ms. Stull attached the following documentation to her petition: (1) the affidavit submitted in support of the search

warrant, (2) affidavits from Mr. Stallings, Mr. Stallings' brother, and herself, (3) a purported flier and invoices for a tanning conference in Nashville, and (4) a letter from one of Ms. Stull's trial attorneys.

{¶4}    The trial court denied Ms. Stull's motion in a journal entry dated August 6, 2012. Ms. Stull filed a notice of appeal from this entry, and she now presents two assignments of error for our review.  We have consolidated the assignments of error to facilitate our discussion.

II.

### ASSIGNMENT OF ERROR I

THE COURT BELOW ERRED BY SUMMARILY DISMISSING MS. STULL'S PETITION TO VACATE JUDGMENT FOR INEFFECTIVE ASSISTANCE OF COUNSEL AND DENYING HER REQUEST FOR HEARING.

### ASSIGNMENT OF ERROR II

THE COURT BELOW ERRED BY RULING R.C. 2953.21(A)(1)(A) DOES NOT DEPRIVE MS. STULL OF THE EQUAL PROTECTION OF THE LAW UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

{¶5}    In her first assignment of error, Ms. Stull argues that the trial court erred in denying, without a hearing, her motion to vacate judgment based upon ineffective assistance of counsel.  In her second assignment of error, Ms. Stull argues that the trial court erred in denying her motion to vacate judgment because she was deprived of equal protection under the law.  We conclude that we lack jurisdiction to reach the merits of Ms. Stull's arguments.

> [T]his Court is obligated to raise sua sponte questions related to our jurisdiction. *Whitaker–Merrell Co. v. Geupel Constr. Co., Inc.*, 29 Ohio St.2d 184, 186 (1972). This Court has jurisdiction to hear appeals only from final judgments.  Article IV, Section 3(B)(2), Ohio Constitution; R.C. 2501.02.  In the absence of a final, appealable order, this Court must dismiss the appeal for lack of subject matter jurisdiction. *Lava Landscaping, Inc. v. Rayco Mfg., Inc.*, 9th Dist. No. 2930–M, 2000 WL 109108 (Jan. 26, 2000).

*Miller Lakes Community Servs. Assn. v. Schmitt*, 9th Dist. No. 09CA0076, 2011-Ohio-1295, ¶ 12.

{¶6} The trial court's judgment entry at issue here purported to resolve Ms. Stull's petition for post-conviction relief. R.C. 2953.21(A)(1)(a) allows a convicted criminal defendant to file a petition asking the trial court to vacate or set aside the judgment of conviction or sentence. The petitioner must state all grounds for relief on which she relies. R.C. 2953.21(A)(4). In determining whether substantive grounds for relief exist, the trial court must consider, among other things, the petition, the supporting affidavits, and the documentary evidence filed in support of the petition. R.C. 2953.21(C). If the trial court finds no grounds for granting relief, it must make findings of fact and conclusions of law supporting its denial of relief. R.C. 2953.21(G); *see also* R.C. 2953.21(C) (requiring trial court to make findings of fact and conclusions of law when trial court "dismisses" a petition for post-conviction relief). "[T]he general purpose of R.C. 2953.21 is to provide judicial review of the allegations raised in a [defendant]'s petition, in order to provide a remedy for violation of constitutional rights. This purpose requires that the trial court make a finding as to the substantive basis of each claim for relief contained in a petition." *State v. Lester*, 41 Ohio St.2d 51, 56 (1975).

{¶7} This Court has held that "[a] judgment entry filed without these findings is incomplete, and is not a final, appealable order." *State v. Beard*, 9th Dist. No. 07CA009240, 2008-Ohio-3722, ¶ 2, citing *State v. Mapson*, 1 Ohio St.3d 217, 218 (1982), and *State ex rel. Ferrell v. Clark*, 13 Ohio St.3d 3 (1984). *See State v. Evans*, 9th Dist. No. 10CA0020-M, 2012-Ohio-1120, ¶ 8; *see also id.* at ¶ 13 (Belfance, P.J. concurring in judgment only), and *id.* at ¶ 14 (Moore, J. concurring in judgment only).

{¶8} Here, nowhere within the trial court's four-page order can we discern any discussion which we could say constituted findings of fact or conclusions of law pertinent to the ineffective assistance of counsel arguments raised in Ms. Stull's petition for post-conviction relief. Instead, in the entry, the trial court first summarized Ms. Stull's petition for post-conviction relief, characterizing it as having been made "on the basis that she was denied her Sixth Amendment right to counsel and because she was denied her Fourteenth Amendment guarantee of Equal Protection under the laws because clear and convincing polygraph evidence of innocence will not vacate a conviction, while clear and convincing DNA evidence will." (Internal quotation omitted). The trial court then set forth a factual background nearly identical to that reproduced above from *Stull I*, 2012-Ohio-3444, at ¶ 2-4. Next, the trial court discussed our decision in *Stull I*, focusing its discussion on our review of Ms. Stull's ineffective assistance of counsel claims *which were set forth in her direct appeal*:

> [Ms. Stull] filed an appeal on October 26, 2011. Recently, on August 1, 2012, the Ninth District issued its Decision and Journal Entry. *See Stull I*. In affirming [Ms. Stull's] convictions, the Ninth District first held that [Ms. Stull's] attorneys were effective. The Court specifically held that evidence of Defendant's [sic.[1]] prior drug history was properly admitted and that, therefore, [Ms. Stull] "cannot show that her trial attorneys' performance was deficient or their failure to object was prejudicial." *Id.* at ¶ 9. With respect to allowing evidence that Defendant [sic.] "had admitted to the possession of the drugs at issue in this case," the Court held that this could have been trial strategy and that [Ms. Stull] "cannot overcome the presumption that her attorneys' performance was reasonable under the circumstances." *Id.* at ¶ 11.
>
> The Ninth District further held that this Court did not err when it allowed testimony relating to the fact that [Ms. Stull] was not charged with possession of the cocaine in [Mr.] Stallings' cell phone. The Court held that "the testimony regarding why [Ms.] Stull was not charged with the drugs found in [Mr.]

---

[1] Although the trial court identifies the "Defendant" as Ms. Stull at the beginning of the judgment entry, it appears to have utilized the term "Defendant" to refer to Ms. Stull and Mr. Stallings interchangeably when discussing our holding in *Stull I*. The use of the term in regard to evidence of the "Defendant's" drug history and the "Defendant's" admission of guilt presumably refers to Mr. Stalling. *See Stull I* at ¶ 9, 11.

Stallings' cell phone, and the level of the offense it would have been if she had been charged, was harmless beyond a reasonable doubt." *Id.* at ¶ 18.

Currently before the Court is [Ms. Stull]'s Petition to Vacate or Set Aside Judgment of Conviction. As already addressed on appeal, [Ms. Stull] argues that she "was denied her Sixth Amendment right to counsel because her trial counsel was in[e]ffective." *See* Petition to Vacate or Set Aside Judgment of Conviction at 2. [Ms. Stull] further asserts that she "was denied her Fourteenth Amendment guarantee of Equal Protection under the laws because clear and convincing polygraph evidence of innocence will not vacate a conviction, while clear and convincing DNA evidence will." *Id.* at 6. Defendant requests an evidentiary hearing.

{¶9} After this discussion, the trial court summarized the State's response to the petition and the standard of review relative to petitions for post-conviction relief. This is followed by a two-paragraph analysis. The first paragraph pertains to ineffective assistance of counsel, and the second pertains to the claim of unequal protection. The first paragraph reads in full:

Upon due consideration, the Court first finds that [Ms. Stull] cannot overcome the presumption that her attorneys' performance was reasonable under the circumstances. As held by the Ninth District, considering that Defendant's [sic.] prior drug history was properly admitted, [Ms. Stull] "cannot show that her trial attorneys' performance was deficient or their failure to object was prejudicial." *Stull I* at ¶ 9. The Court further finds that counsel's trial strategy was not unreasonable under the circumstances. As emphasized by the State, mere speculation is insufficient to establish ineffective assistance of counsel. *See State v. Mundt*, 115 Ohio St.3d 22, 2007-Ohio-4836, ¶ 115, 132. *See also State v. Elmore*, 111 Ohio St.3d 515, 2006-Ohio-6207, ¶ 121.

{¶10} Although the trial court appears to have reiterated Ms. Stull's claims of ineffective assistance of trial counsel that she advanced to this Court on direct appeal, we cannot discern any findings of fact or conclusions of law in the judgment entry relative to the claims of ineffective assistance of trial counsel that Ms. Stull advanced in her petition for post-conviction relief. Ms. Stull's petition did not repeat the arguments of ineffective assistance of counsel addressed in her direct appeal, which were based upon the introduction of evidence of Mr. Stallings' drug history and Mr. Stallings' guilty plea to the charges. Instead, the petition

advanced bases of ineffective assistance of counsel which Ms. Stull claimed were supported by evidence dehors the record, which she attached to her petition. These bases consisted of trial counsel's failure to challenge the search warrant, failure to admit evidence of a purportedly legitimate purpose for certain cash found in the house, and failure to call Mr. Stallings to testify on her behalf. Because the trial court failed to issue findings of fact and conclusions of law as to these arguments in order to support its denial of relief, we dismiss the appeal for lack of a final appealable order consistent with this Court's precedent. *See Evans* at ¶ 12.

### III.

**{¶11}** Accordingly, the present appeal is dismissed for want of a final appealable order.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

WHITMORE, J.
CONCURS.

BELFANCE, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

KIRK A. MIGDAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.