[Cite as *State v. Russell*, 2013-Ohio-4895.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

JOHN B. RUSSELL

    Appellant

C.A. No.     26819

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 11 11 3144

DECISION AND JOURNAL ENTRY

Dated: November 6, 2013

HENSAL, Judge.

{¶1}    John Russell appeals his conviction for trafficking cocaine in the Summit County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2}    On November 10, 2011, Detective Timothy Harvey obtained a warrant to search a house at 1228 Girard Street, Akron, Ohio. He also obtained a warrant to search a house at 590 Johnson Court, also in Akron. When officers executed the warrant for the Girard Street residence, they found powder and crack cocaine and drug preparation instruments. The Grand Jury indicted Mr. Russell, who had been observed coming and going from the houses, for possession of cocaine, trafficking cocaine, illegal manufacture of drugs, having weapons while under disability, and possessing criminal tools. Mr. Russell moved to suppress the evidence found during the search of the Girard Street house, arguing that Detective Harvey failed to provide sufficient probable cause to support the issuance of a warrant. After the trial court

denied his motion, Mr. Russell pleaded no contest to trafficking in cocaine. The trial court found him guilty of the offense, dismissed the other charges, and sentenced him to six years imprisonment. Mr. Russell has appealed, arguing that the trial court incorrectly denied his motion to suppress.

II.

ASSIGNMENT OF ERROR I

THE SEARCH WARRANT DID NOT PROVIDE A SUBSTANTIAL BASIS TO BELIEVE DRUGS OR CONTRABAND WOULD BE FOUND AT 1228 GIRARD STREET.

{¶3}    Mr. Russell argues that the affidavit Detective Harvey submitted in support of a search warrant for the Girard Street house did not give the judge who issued the warrant a substantial basis for concluding that probable cause existed. He argues that the trial court, therefore, should have granted his motion to suppress.

{¶4}    A motion to suppress presents a mixed question of law and fact:

When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.

(Citations omitted.) *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.

{¶5}    "The Fourth Amendment to the United States Constitution prohibits only unreasonable searches and seizures, not every search and seizure." *State v. Hoang*, 9th Dist. Medina No. 11CA0013-M, 2012-Ohio-3741, ¶ 47. The United States Supreme Court has held that "before a warrant for either arrest or search can issue [the Fourth Amendment probable-cause requirements] require that the judicial officer issuing such a warrant be supplied with

sufficient information to support an independent judgment that probable cause exists for the warrant." *Whiteley v. Warden*, 401 U.S. 560, 564 (1971).

{¶6} Criminal Rule 41(C) addresses the issuance of search warrants and states in relevant part:

> A warrant shall issue on either an affidavit or affidavits sworn to before a judge of a court of record * * *. The affidavit shall name or describe the person to be searched or particularly describe the place to be searched, name or describe the property to be searched for and seized, state substantially the offense in relation thereto, and state the factual basis for the affiant's belief that such property is there located.

Crim.R. 41(C)(1). The judge shall issue the search warrant upon determining that probable cause for the search exists. Crim.R. 41(C)(2). The rule further provides that "[t]he finding of probable cause may be based upon hearsay in whole or in part, provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished." *Id.*

{¶7} A court reviewing the sufficiency of probable cause in a submitted affidavit should not substitute its judgment for that of the issuing judge. *State v. Tejada*, 9th Dist. Summit No. 20947, 2002-Ohio-5777, ¶ 7, citing *State v. George*, 45 Ohio St.3d 325 (1989), paragraph two of the syllabus. Rather, the duty of a reviewing court is to determine whether the magistrate or judge who issued the search warrant had a substantial basis for concluding that probable cause existed. *George* at paragraph two of the syllabus. "Great deference is to be given to the issuing judge's determination and doubtful or marginal cases are to be resolved in favor of upholding the validity of the warrant." *Hoang* at ¶ 49.

{¶8} "[P]robable cause is the existence of circumstances that warrant suspicion." (Quotations and citations omitted) *Tejada* at ¶ 8. Therefore, "the standard for probable cause does not require a prima facie showing of criminal activity; rather, the standard requires only a

showing that a probability of criminal activity exists." (Quotations omitted) *Id*. *See also George* at 329. Furthermore, courts view the totality of the circumstances in making probable cause determinations. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). The *Gates* court elaborated:

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for * * * conclud[ing] that probable cause existed.

(Quotations omitted.) *Id*. at 238-39.

{¶9} This Court's review of the basis for a search warrant is generally limited to the four corners of the search warrant affidavit. *See State v. Norris*, 9th Dist. Wayne No. 05CA0081, 2006-Ohio-4022, ¶ 20. In this case, however, the parties agreed that the trial court should review the affidavits that Detective Harvey submitted regarding both the Girard Street and Johnston Court addresses because they involved many of the same allegations and were presented to the judge within minutes of each other.

{¶10} Mr. Russell argues that the affidavit for the Girard Street residence did not contain any specific information that anyone had seen or purchased drugs at that address. He also argues that there is no information in the affidavit regarding who owns the Girard Street residence, whose name the utilities are in, or that he used the address for his driver's license or to receive mail.

{¶11} In Detective Harvey's Girard Street affidavit, he alleged that two vehicles that are registered to Mr. Russell had been observed parked in the driveway of the residence on a nightly basis. On November 3, 2011, he saw Mr. Russell leave the Girard Street house, enter one of the vehicles, and drive to the Johnson Court address. At the Johnson Court address, he saw Mr.

Russell meet up with a woman, who left a short time later. According to Detective Russell, when the woman was subsequently stopped, she had crack cocaine, which she said she had bought on Johnson Court from a person matching Mr. Russell's description. According to the woman, she had been purchasing crack cocaine at the same address from the same person for over six months.

{¶12} According to Detective Harvey's affidavit, on November 7, 2011, he arranged for "an information source" to make a controlled buy from Mr. Russell. The informant called Mr. Russell, who told him to meet him at the Johnson Court address. Officers saw Mr. Russell leave the Girard Street address, get into one of the vehicles registered to him, and drive to Johnson Court. When both men arrived, they entered the Johnson Court residence. Shortly thereafter, the informant returned to Detective Harvey and produced a quantity of crack cocaine that he said he had bought from Mr. Russell with the funds law enforcement officers had provided him.

{¶13} Detective Harvey's affidavit in support of a search warrant for the Girard Street residence also stated that the detective had talked to "an information source" who said that the occupant of "the above described premises" was in possession of a controlled substance and was "in the process of selling same from that location." The source said that he had recently spoken with Mr. Russell, "who was residing at the house, who stated that he was in possession of crack cocaine and that the said crack cocaine was for sale." The affidavit further stated that Mr. Russell had been convicted of possession of cocaine in December 2003 and March 2005.

{¶14} Mr. Russell argues that the "above-described premises" referred to in the affidavit for the warrant for the Girard Street residence actually referred to the Johnson Court residence. He notes that Detective Harvey's affidavit for the Johnson Court residence contained an identical paragraph. Considering that the drug sales allegedly occurred at the Johnson Court residence,

Mr. Russell argues that the paragraph that appears in the Girard Street affidavit was misplaced and should be disregarded in considering whether there were grounds for a search warrant of the Girard Street address.

{¶15} We do not have to reach Mr. Russell's argument because we conclude that, even without considering the contested paragraph, Detective Harvey's affidavit contained enough information to indicate that there was a fair probability that contraband or evidence of a crime would be found at the Girard Street address. Detective Harvey's affidavit indicated that Mr. Russell kept multiple cars at the Girard Street residence, received telephone calls at the location, and departed from the house before engaging in both described drug transactions. Although Mr. Russell may have completed the sales at a different location, it is common-sense that he might have kept his supply of illegal drugs at his starting location, the Girard Street address. *See State v. Lynch*, 9th Dist. Lorain No. 04CA008531, 2005-Ohio-2401, ¶ 16 (upholding issuance of search warrant for home of defendant's mother because defendant was a suspected drug offender who spent a substantial period of time at his mother's house). Upon review of the record, we conclude that the trial court correctly determined that the totality of the circumstances provided the judge a substantial basis for concluding that probable cause existed for issuing the search warrant. Mr. Russell's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

SINCE THE AFFIDAVIT CONTAINED AMBIGUOUS AND MISLEADING INFORMATION, THE GOOD FAITH EXCEPTION DOES NOT APPLY.

{¶16} In its journal entry, the trial court determined that, even if there was not probable cause for a search warrant for the Girard Street residence, the evidence that officers found during the search did not have to be suppressed because the warrant was executed in good faith. Mr. Russell's second assignment of error is that, because Detective Harvey deliberately put

misleading information in his affidavit, the good faith exception should not apply. In light of our resolution of Mr. Russell's first assignment of error, however, this issue is moot, and it is overruled on that basis. App.R. 12(A)(1)(c).

III.

{¶17} The trial court correctly denied Mr. Russell's motion to suppress. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

BELFANCE, P. J.
CARR, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

PAUL F. ADAMSON, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.