[Cite as *State v. Stull*, 2014-Ohio-1336.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No.  27036 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| RACHEL A. STULL | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.  CR 10 10 2914 (B) |

DECISION AND JOURNAL ENTRY

Dated: March 31, 2014

WHITMORE, Judge.

**{¶1}** Appellant, Rachel Stull, appeals from the judgment of the Summit County Court of Common Pleas, denying her petition for post-conviction relief. This Court affirms.

I

**{¶2}** The facts related to Stull's conviction were previously set forth in *State v. Stull*, 9th Dist. Summit No. 26146, 2012-Ohio-3444, ¶ 2-4.

> Stull purchased property at 721 Victoria Avenue in 2006. In October 2010, Stull was residing there with her ten-year old daughter and on-again/off-again boyfriend, Solomon Stallings. In the early morning hours of October 19, 2010, the police executed a search warrant on the Victoria Avenue home in search of illegal drugs. After announcing their presence, SWAT officers forcibly entered the home. Stull and her two pit-bull dogs were at the top of the stairs and delayed officers from accessing the second floor. While the officers were on the stairs trying to get by Stull and the dogs, Stallings was observed moving frantically about the second-floor master bedroom, creating a security concern for the officers. Officers located on the outside of the house watched as Stallings broke the master bedroom window and tossed out a bag containing heroin, cocaine, and marijuana. Ultimately, SWAT officers were able to secure the second floor.
>
> During a search of the master bedroom, the police found two digital scales, over $1,200 in cash, and Stallings' cell phone, which contained cocaine in an envelope

made from a used lottery ticket. In the dining room, the police found small plastic bags and a stack of used lottery tickets. The police also recovered the bag of drugs that had been thrown from the master bedroom window.

Stallings and Stull were both charged with possession of the bag of drugs thrown from the window, possession of drug paraphernalia, and child endangering. Stallings was additionally charged with possession of the cocaine found in his cell phone.

{¶3} Stull's attorney filed a motion to suppress, which was later withdrawn before a hearing. Stull then filed a motion to sever her trial from Stallings, which was granted. After a jury trial, Stull was convicted of: (1) possession of heroin, (2) possession of cocaine, (3) possession of marijuana, (4) possession of drug paraphernalia, and (5) child endangering. The court sentenced Stull to 60 days in jail and three years of community control.

{¶4} After her conviction, Stull submitted to a polygraph examination. Stull then filed a petition for post-conviction relief, arguing that (1) her trial counsel was ineffective and (2) the statute limiting evidence of "actual innocence" to DNA evidence denied her equal protection under the laws. The court denied her petition without a hearing, and Stull appealed. This Court dismissed her appeal because the judgment entry was not a final, appealable order. *State v. Stull*, 9th Dist. Summit No. 26613, 2013-Ohio-2521. The trial court issued another order in July 2013, again denying Stull's petition without a hearing. Stull now appeals from that order and raises two assignments of error for our review.

II

Assignment of Error Number One

THE COURT BELOW ABUSED ITS DISCRETION BY DISMISSING MS. STULL'S PETITION TO VACATE JUDGMENT FOR INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶5} In her first assignment of error, Stull argues that her counsel was ineffective for failing to: (1) challenge the validity of the search warrant, (2) introduce receipts to provide a

lawful explanation for the cash found under her bed, and (3) call Solomon Stallings, her co-defendant, as a witness.

{¶6} "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post[-]conviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158 (1997), syllabus. When a petition for post-conviction relief is filed, the trial court is required to hold a hearing "[u]nless the petition and the files and records of the case show the petitioner is not entitled to relief." R.C. 2953.21(E). *Accord State v. Jackson*, 64 Ohio St.2d 107, 110 (1980) ("the pivotal concern is whether there are substantive grounds for relief which would warrant a hearing based upon the petition, the supporting affidavit and the files and records of this cause").

{¶7} The trial court acts as a gatekeeper in reviewing the evidence to determine if there are substantive grounds for relief. *See State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 51, citing *State v. Calhoun*, 86 Ohio St.3d 279 (1999), paragraph two of the syllabus. "[A] trial court's decision granting or denying a post[-]conviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion." *Gondor* at ¶ 58. An abuse of discretion indicates that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶8} To prove ineffective assistance of counsel, Stull must establish that (1) her counsel's performance was deficient, and (2) that but for counsel's deficient performance there is a reasonable probability that the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984).

**Search Warrant**

{¶9}    Stull first asserts her trial counsel was ineffective for failing to challenge the search warrant in a suppression motion.  According to Stull, the affidavit used to secure the search warrant did not establish probable cause that criminal activity was occurring in Stull's home, and therefore, did not support the issuance of a search warrant.  Specifically, Stull states that the affidavit "only established that an unknown person sold drugs in the driveway of Ms. Stull's home."

> In determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all of the circumstances set forth in the affidavit before him [or her], including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place."

*State v. George*, 45 Ohio St.3d 325 (1989), paragraph one of the syllabus, quoting *Illinois v. Gates*, 462 U.S. 213, 238-239 (1983).  A reviewing court should not substitute its judgment by conducting a de novo review; rather, the court should "ensure that the magistrate had a substantial basis for concluding that probable cause existed."  *Id.* at paragraph two of the syllabus.

{¶10}  The search warrant affidavit was submitted by Detective Brian Callahan.  Detective Callahan stated in his affidavit that he has been a member of the Akron Police Department for 13 years and is currently assigned to the Narcotics Unit.  Detective Callahan indicated he had "good cause to believe that a Schedule I Controlled Substance, to wit: Heroin, guns, U.S. Currency, records and documents, as well as measuring and processing devices related to drug trafficking[] [were] being illegally possessed within 721 Victoria Avenue[,] Akron * * * ."

{¶11}  The affidavit also included the following:

2. Affiant is aware that within the past five days the Akron Narcotics Unit went to the above described premises with an information source. The source was searched by Akron Narcotics officers and was found not to be in possession of any controlled substances or currency. The source was provided with APD funds. Affiant is aware that Sergeant Jason Malick observed as the source arrived at the residence. Affiant is aware that Detective Adam Wahl observed the source walking up to the residence at 721 Victoria Avenue. Upon return, Affiant is aware that the source delivered to Affiant a quantity of Heroin that the source stated was purchased from the premises with the funds previously provided. The source was again searched and found again not to be in possession of controlled substances or currency. The substance was field tested by Akron Narcotics officers and indicated a positive reaction for the presence of a controlled substance, to wit: Heroin.

3. Affiant is aware that according to the Ohio Bureau of Motor Vehicles Solomon Stallings listed 721 Victoria Avenue[,] Akron, Ohio as his address as of September 22nd, 2010. See attached printout from the Ohio Attorney General's Office.

4. Affiant is aware that on January 18th, 2010 Solomon Stallings was arrested at 721 Victoria Avenue for Domestic Violence.

5. Affiant[] is aware of the attached criminal case history regarding Solomon J. Stallings * * *.

{¶12} Viewing the plain language of the affidavit, we disagree with Stull's assertion that the affidavit does not tie the drug purchase to Stull's home. While the affidavit does not specify that the informant entered the home, it does state that he or she walked up to 721 Victoria Avenue and purchased heroin "from the premises."

{¶13} Stull further argues that the affidavit is misleading by omission because it does not include the alleged fact that the seller of the drugs was not Stallings, but a Lawrence Caver. Stull supports her argument by attaching an affidavit of Ronald Stallings, Stallings' brother. Regardless of whether Stallings was the seller of the drugs, the affidavit of Detective Callahan states that a confidential informant purchased heroin from 721 Victoria Avenue.

{¶14} Detective Callahan's affidavit, on its face, provided a substantial basis for the judge to conclude that there was "a fair probability that contraband or evidence of a crime

[would] be found [inside of 721 Victoria Avenue]." *George*, 45 Ohio St.3d at paragraph one of the syllabus, quoting *Gates*, 462 U.S. at 238-239. Because the warrant was supported by probable cause, we cannot conclude that the trial court abused its discretion in denying her petition for post-conviction relief without a hearing based on her trial counsel's failure to challenge the search warrant. Stull's first assignment of error, as it relates to the warrant, is overruled.

**Receipts**

{¶15} Next, Stull argues that her trial counsel was ineffective for failing to introduce receipts for admission to a tanning conference. According to Stull, the receipts would have provided the jury with an explanation as to why she had $500 in cash underneath her bed. Stull offers no explanation for the other cash found in the master bedroom. Even if the jury were to believe that the $500 was to be used for the tanning conference, as Stull asserts in her affidavit, we cannot conclude that the trial court abused its discretion in denying her petition without a hearing. To establish substantive grounds for relief, Stull was required to show that there is a reasonable probability that the result of her trial would have been different. *Strickland*, 466 U.S. at 694.

{¶16} In the master bedroom, the police found two digital scales, over $1,200 in cash, and heroin stored inside Stallings' cell phone. *Stull*, 2012-Ohio-3444, at ¶ 3. Additionally, the police witnessed Stallings break a window in the second floor master bedroom and throw a bag of heroin, cocaine, and marijuana out of it, while Stull impeded the SWAT officers from accessing the second floor. *Id*. at ¶ 2.

{¶17} In light of all of the evidence, we cannot conclude that the trial court abused its discretion in denying Stull's petition for post-conviction relief based on the receipts. Stull's first assignment of error, as it relates to the receipts, is overruled.

**Stallings**

{¶18} Lastly, Stull argues that her trial counsel was ineffective for failing to call her co-defendant, Stallings, to testify. In support of her argument, Stull submitted an affidavit of Stallings in which he averred that if he had been called to testify in Stull's trial he would have testified that the drugs recovered were solely his and that Stull had no knowledge that there were drugs in the home. Stull further argues that she is no longer in a relationship with Stallings, and therefore, he has no reason to lie.

{¶19} In his affidavit, Stallings states that he has "been involved in a relationship with Rachel Stull for seventeen (17) years and [they] have two (2) children together as a result of that relationship." There was testimony at trial that Stallings had prior drug convictions and that he had pleaded guilty to his charges associated with this case. *See Stull*, 2012-Ohio-3444, at ¶ 7.

{¶20} "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689. In light of Stallings' criminal history and the fact that he was a co-defendant with a lengthy intimate relationship with Stull, we cannot conclude that the trial court abused its discretion in finding that counsel's decision not to call Stallings as a witness was a reasonable trial strategy. Stull's first assignment of error, as it relates to trial counsel's failure to call Stallings as a witness, is overruled.

Assignment of Error Number Two

THE COURT BELOW ERRED BY RULING R.C. 2953.21(A)(1)(a) DOES NOT DEPRIVE MS. STULL OF THE EQUAL PROTECTION OF THE LAWS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

**{¶21}** In her second assignment of error, Stull argues that she was denied equal protection of the law. Specifically, Stull argues that the post-conviction relief statute limiting her to the use of DNA evidence to show "actual innocence" is unconstitutional.

**{¶22}** The post-conviction relief statute does not implicate a fundamental right or a suspect classification, therefore, a rational basis test applies. *See Beatty v. Akron City Hospital*, 67 Ohio St.2d 483, 492 (1981). "The rational-basis test involves a two-step analysis. We must first identify a valid state interest. Second, we must determine whether the method or means by which the state has chosen to advance that interest is rational." *Pickaway Cty. Skilled Gaming, L.L.C. v. Cordray*, 127 Ohio St.3d 104, 2010-Ohio-4908, ¶ 19, quoting *McCrone v. Bank One Corp.*, 107 Ohio St.3d 272, 2005-Ohio-6505, ¶ 9.

**{¶23}** "We review constitutional challenges de novo." *State v. Shover*, 9th Dist. Summit No. 26800, 2014-Ohio-373, ¶ 8. When conducting our review, we must be mindful that "[s]tatutes enjoy a strong presumption of constitutionality." *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, ¶ 41. "Thus, a statute will be upheld unless proven beyond a reasonable doubt to be unconstitutional." *State v. Romage*, Slip Opinion Nos. 2012-1958 & 2012-2042, 2014-Ohio-783, ¶ 7.

**{¶24}** R.C. 2953.21(A)(1) provides, in relevant part, that:

(a) * * * any person who has been convicted of a criminal offense that is a felony and who is an offender for whom DNA testing that was performed * * * and analyzed in the context of and upon consideration of all available admissible evidence related to the person's case * * * provided results that establish, by clear and convincing evidence, actual innocence of that felony offense * * *, may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to

grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

(b) * * * "actual innocence" means that, had the results of the DNA testing * * * been presented at trial, and had those results been analyzed in the context of and upon consideration of all available admissible evidence related to the person's case * * *, no reasonable fact[-]finder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.

**{¶25}** Stull argues that the statute is unconstitutional because it only permits actual innocence to be proven with clear and convincing DNA evidence. According to Stull, there is no rational reason not to treat polygraph evidence the same way as DNA evidence.[1] In support of her argument, Stull cites *State v. Sharma*, 143 Ohio Misc.2d 27, 2007-Ohio-5404 (C.P.).

**{¶26}** In *Sharma*, the Summit County Court of Common Pleas held that, despite long standing precedent, the constitution required the admission of "nonstipulated polygraph evidence in [the] limited situation in which the trial court has independently found that the proffered polygraph is reliable under Evid.R. 702 and only when the polygraphist is subject to cross-examination and where the limited jury instructions are utilized, as required by [*State v. Souel*, 53 Ohio St.2d 123 (1978)]." *Sharma* at ¶ 46.[2]

**{¶27}** In reaching its conclusion, the *Sharma* court reasoned that the advancements in polygraph technology since the Ohio Supreme Court's last decision on the matter warranted the change in the current law. *Sharma* at ¶ 22-50. After conducting a *Daubert* test, the court found that "polygraph testing is reliable as a scientific test and procedure." *Id*. at ¶ 37. The court, citing testimony of a Dr. Rovner, an expert in polygraph testing, detailed various studies with

[1] Stull does not challenge the first prong (valid state interest) of the rational basis test. Instead, she limits her argument to challenging the means by which the State has chosen to achieve that interest.
[2] This Court declined to follow *Sharma* in *In re J.F.*, 9th Dist. Summit No. 24490, 2009-Ohio-1867, and maintained the position that to be admissible into evidence polygraph results must be stipulated to by both parties. *In re J.F.* at ¶ 8-10.

accuracy rates of between 71 and 95.5 percent. However, Stull has submitted no documents related to the advancement and reliability of polygraph examinations to support the findings of the *Sharma* court or any information regarding the accuracy rates of DNA testing. Therefore, we are unable to compare the reliability of polygraph testing with that of DNA testing.

{¶28} Moreover, the polygraph report attached to Stull's petition clearly states that the "examination was conducted for [her attorney's] informational purposes only, or for inter-office use and review, not for testimonial or evidentiary purposes." Stull has offered no explanation of why her report should be relied upon as evidence of actual innocence despite the statement that it is not to be used for evidentiary purposes.

{¶29} Based on the information before us in the record, we cannot conclude that R.C. 2953.21(A)(1)(a) is rendered unconstitutional because it treats DNA evidence differently than polygraph evidence. Stull's second assignment of error is overruled.

III

{¶30} Stull's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

---

BETH WHITMORE
FOR THE COURT

MOORE, J.
CONCURS.

BELFANCE, P. J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

KIRK A. MIGDAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.