[Cite as *State v. Perry*, 2017-Ohio-1185.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 15CA010889 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| TYWAN PERRY | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 14CR090719 |

DECISION AND JOURNAL ENTRY

Dated: March 31, 2017

CARR, Presiding Judge.

{¶1} Appellant, Tywan Perry, appeals the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} This matter arises out of a series of controlled drug buys orchestrated by the Elyria police in November 2014. The drug buys eventually led to the issuance of a search warrant for the property located at 1045 Melvyn Lane, in Elyria, Ohio. During the execution of the search warrant, police found evidence of illegal drug activity.

{¶3} On January 29, 2015, the Lorain County Grand Jury indicted Perry on two counts of drug trafficking, one count of possession of drugs, and one count of possession of drug paraphernalia. Perry pleaded not guilty to the charges at arraignment. Thereafter, Perry filed a motion to suppress arguing that all of the evidence seized during the search of the Melvyn Lane property should be suppressed. The trial court denied the motion after a hearing.

{¶4}    On the same day the trial court denied the motion to suppress, Perry withdrew his not guilty pleas and pleaded no contest to the charges in the indictment.  The trial court found Perry guilty of the charges.  The matter proceeded to sentencing where the trial court imposed a ten-month term of incarceration and a six-month driver's license suspension.

{¶5}    On appeal, Perry raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN DENYING DEFENDANT PERRY'S MOTION TO SUPPRESS.

{¶6}    In his sole assignment of error, Perry contends that the trial court erred in denying his motion to suppress.  This Court disagrees.

**Background**

{¶7}    On November 14, 2014, the Elyria police executed a search warrant for the house located at 1045 Melvyn Lane, in Elyria, Ohio.  The search warrant was supported by the affidavit of Det. Christopher Constantino.  Det. Constantino averred that a reliable confidential informant had conducted multiple controlled drug buys in recent days.  The drug buys involved "pink heroin," a product containing Fentanyl.  As a result of the drug buys, the individual who sold the pink heroin, Ulysses Ogletree, was placed under arrest.  On the same day that police surveillance spotted Ogletree conducting two drug transactions, police also observed Ogletree entering the residence located at 1045 Melvyn Lane, in Elyria, and leaving with a package a short time later. The affidavit supporting the search warrant continued as follows:

> 7.    Ogletree was interviewed after being administered his Miranda rights. Ogletree confirmed that he conducted the two drug buys that were observed by officers during their surveillance on November 14, 2014.  Ogletree stated that his drug supplier is Tywan Perry, who resides at 1045 Melvyn Lane, Elyria, Ohio, 44035.  Ogletree stated that he was recently released from Mansfield Correctional

Facility and that is where [he] met Perry. Ogletree stated that he picked up a package of drugs from Perry. Ogletree stated that Perry has Fentanyl and Quinine and cooks these at the 1045 Melvyn Lane, Elyria, Ohio, 44035 residence. After Perry completes the cook, he puts the finished product in the freezer to make it into rock form.

8. On November 14, 2014, Ogletree made a recorded phone call to Perry at (440) ***-****. Ogletree asked for more heroin. Perry was angry about it because he does not like doing these small deals. Perry told Ogletree come to his residence in 20 minutes.

9. That based upon the above controlled purchases your affiant seeks authorization to search 1045 Melvyn Lane, Elyria, Ohio, 44035 believed to be occupied by Ulysses Ogletree, * * *[.]

{¶8} During the search of Perry's residence, police discovered marijuana in multiple locations, as well as pink heroin residue in the trash and 1.9 grams of pink heroin in the pocket of men's shorts found in the bedroom.

{¶9} In his motion to suppress, Perry argued that the affidavit in support of the search warrant did not support a probable cause finding. Perry stressed that none of the controlled drug buys occurred at the Melvyn Lane address and that the affidavit "wholly failed to establish a sufficient nexus between the suspected criminal conduct and the place to be searched."

{¶10} Two detectives testified at the hearing. The trial court denied the motion on the record shortly after the conclusion of the hearing. In its written decision, the trial court concluded that the statement in paragraph eight of the affidavit which read, "Perry told Ogletree come to his residence in 20 minutes," was made with reckless disregard for the truth and should be stricken from the record. The trial court also determined that the reference to "Ulysses Ogletree" in paragraph nine was a typographical error and that, from the context of the affidavit, it was readily apparent that the house located at 1045 Melvyn Lane, in Elyria was occupied by Tywan Perry. The trial court ultimately concluded that even with the removal of the sentence in

paragraph eight, a review of the affidavit in its totality supported a finding of probable cause to search the Melvyn Lane residence.

**Discussion**

{¶11} When making a determination whether to issue a search warrant, "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him [or her], including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *State v. George*, 45 Ohio St.3d 325 (1989), paragraph one of the syllabus, quoting *Illinois v. Gates*, 462 U.S. 213, 238-239 (1983).

{¶12} In order to successfully challenge the veracity of an affidavit supporting a search warrant, "a defendant must show by a preponderance of the evidence that the affiant made a false statement, either 'intentionally, or with reckless disregard for the truth.'" *State v. McKnight*, 107 Ohio St.3d 101, 2005-Ohio-6046, ¶ 31, quoting *State v. Waddy*, 63 Ohio St.3d 424, 441 (1992), quoting *Franks v. Delaware*, 438 U.S. 154, 155-156 (1978). The term "reckless disregard" means that "the affiant had serious doubts about the truth of an allegation." *McKnight* at ¶ 31, quoting *United States v. Williams*, 737 F.2d 594, 602 (7th Cir.1984). When a trial court determines that a portion of the affidavit supporting a search warrant must be stricken because it contained a false statement, the question becomes whether the remaining averments in the affidavit "provided a substantial basis for the judge to conclude that there was 'a fair probability that contraband or evidence of a crime [would] be found [in a particular place.]'" *State v. Jackson*, 9th Dist. Lorain No. 14CA010593, 2015-Ohio-3520, ¶ 32, quoting *State v. Stull*, 9th Dist. Summit No. 27036, 2014-Ohio-1336, ¶ 14, quoting *George*, 45 Ohio St.3d 325, at paragraph one of the syllabus.

{¶13} On appeal, Perry maintains his position that no probable cause existed for the issuance of a search warrant. Perry suggests that the search warrant was premised on "undisclosed inferences" instead of facts and that Det. Constantino's affidavit did not state with particularity a nexus between the suspected criminal conduct and the place to be searched. Perry concludes that the lack of factual content in Det. Constantino's affidavit renders it facially deficient to support a probable cause determination.

{¶14} Perry's argument is without merit. Even without the benefit of the sentence that was stricken from paragraph eight of Det. Constantino's affidavit, the remaining portions of the affidavit supported a finding of probable cause to search Perry's Melvyn Lane residence. Detective Constantino's affidavit contained the following probative facts. Ogletree admitted that he was the seller for the controlled drug buys that were observed by officers during their surveillance. Ogletree identified his drug supplier as Perry, and specified that Perry resided at 1045 Melvyn Lane, in Elyria. Ogletree further stated that Perry cooks and then freezes his product, which includes Fentanyl, at the Melvyn Lane residence. Police observed Ogletree go to Perry's residence and leave with a package on the same day that Ogletree conducted multiple drug transactions. These facts support the conclusion that there was probable cause to search Perry's Melvyn Lane residence, i.e., that it was was more likely than not that law enforcement would find contraband and evidence linked to illegal drug activity at that location. *See State v. Russell*, 9th Dist. Summit No. 26819, 2013-Ohio-4895, ¶ 15; *State v. Evans*, 8th Dist. Cuyahoga No. 101485, 2015-Ohio-1022, ¶ 21. Under these circumstances, we cannot accept Perry's contention that there was no nexus between his residence and criminal activity.

{¶15} The assignment of error is overruled.

III.

{¶16} Perry's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

NICHOLAS HANEK, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and ELIZABETH LINDBERG, Assistant Prosecuting Attorney, for Appellee.